**AI MEI CHEN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–2135–ag.**

United States Court of Appeals, Second Circuit.

Jan. 3, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B.

Mukasey is automatically substituted for for-

Thomas V. Massucci, Esq., New York, N.Y., for Petitioner.

Peter D. Keisler, Asst. Atty. General, Richard M. Evans, Asst. Director, Rebecca A. Niburg, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Present: JON O. NEWMAN, GUIDO CALABRESI and PETER W. HALL, Circuit Judges.

mer Attorney General Alberto R. Gonzales as

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ai Mei Chen, a native and citizen of China, seeks review of an April 30, 2007 order of the BIA affirming the September 27, 2005 decision of Immigration Judge ("IJ") Brigitte LaForest, denying Chen's applications for asylum and withholding of removal. *In re Chen*, No. A 96 395 381 (B.I.A. April 30, 2007), *aff'g* No. A 96 395 381 (Immig. Ct. N.Y. City Sept. 27, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice*, 494 F.3d 296, 305 (2d Cir.2007). However, the Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129

a respondent in this case.

(2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Here, the agency's adverse credibility determination is supported by substantial evidence. First, the IJ's finding that Chen's demeanor detracted from her credibility is given great deference. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005) (particular deference is given to the trier of fact's assessment of demeanor).

Second, the agency properly found that there were numerous material inconsistencies in Chen's testimony and documentary evidence. For example, at the hearing, the IJ noted that the church in China had sent a letter verifying that Chen had become a member of the church on December 13, 2003, notwithstanding Chen's testimony that she had joined the church in 2000. The December 13, 2003, date is also inconsistent with her claim that she was arrested on December 12, 2003, and detained for three months. These inconsistencies were substantial when measured against the record as a whole. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003); *cf. Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000) (Inconsistencies and other discrepancies in the evidence are often sufficient to support an adverse credibility determination, but they need not be fatal if they are minor and isolated, and the testimony is otherwise generally consistent, rational, and believable). Moreover, despite being afforded multiple opportunities, Chen failed to explain these discrepancies. *See Ming Shi Xue v. BIA,* 439 F.3d 111, 125 (2d Cir.2006); *Zhi Wei Pang v. BCIS,* 448 F.3d 102, 109–10 (2d Cir.2006) (the agency may not rest an adverse credibility finding on a non-dramatic inconsistency without first giving the applicant a chance to reconcile the testimony).

In addition, Chen's mother's letter failed to mention that when the authorities had continually visited her house looking for Chen, they had damaged the property and she had bribed them with money and cooked for them. Chen's explanation that her mother had been fearful of mentioning such things in the letter overlooked the fact that Chen's mother had nevertheless referenced other inflammatory facts, such as Chen's underground activities and her arrest. These omissions were central to Chen's claims. *See Diallo,* 232 F.3d at 288.

Furthermore, the IJ's finding that Chen's failure to corroborate her claim by bringing to the hearing a fellow congregant to attest to her attendance at the church in New York was not erroneous and further supported the adverse credibility finding. *See Xiao Ji Chen,* 434 F.3d at 164. The IJ was not required to afford Chen an opportunity to bring in such a witness, who was likely reasonably available. *See id.*

Because the only evidence of a threat to Chen's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

Finally, Chen argues that she should have been entitled to relief under CAT. We lack jurisdiction to review this argument because it has not been exhausted at the administrative level. *See* 8 U.S.C. § 1252(d)(1); *see generally Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for

a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).